Although I concur with the majority opinion's disposition of appellant's other assignments of error, I respectfully dissent from its disposition of appellant's second assignment of error. I believe the evidence presented in this case was adequate to support the trial court's determination.
A review of the record demonstrates the trial court considered all the relevant factors in making its determination, as required by State v. Cook (1998), 83 Ohio St.3d 404. Cf., State v. Eppinger (2000), 91 Ohio St.3d 158.
The trial court first considered the presentence report, which set forth the facts of the underlying case: a thirty-four-year-old man used his position as the mother's boyfriend to perform two sexual assaults upon a four-year-old girl. State v. Wellman (May 18, 2000), Cuyahoga App. No. 76219, unreported. Additionally, when confronted, appellant admitted he committed both of the crimes.
The trial court also considered appellant's contacts with the criminal justice system both before and after the conviction in the instant case. The sheer number suggested appellant's general unwillingness either to abide by the rules of law or to conform his behavior to that which is appropriate.[8]
The trial court further considered the fact appellant refused to take responsibility for his actions. Appellant's original offer to obtain counseling prior to the initiation of his prosecution could be seen as merely an attempt to shift blame for the crimes since he wanted the victim's mother to attend with him. This interpretation is supported by appellant's statements made during the police investigation of the crimes. Appellant presented excuses for committing the offenses and sought outright to place responsibility for the acts which led to his indictment upon the victim's mother for her failure to meet his sexual needs. This interpretation further is supported by the fact that appellant never sought either alcohol-dependence or sexual-offender counseling for himself during his lengthy incarceration.[9]
This court must be mindful that the trial court is the trier of fact in classification hearings and, therefore, is in the best position both to consider the quality of the evidence that is presented.[10] In view of the trial court's careful consideration on the record of the statutory factors, the documents submitted to it, and the arguments of the parties, this case is distinguishable from others in which, because no evidence was presented beyond the fact of one conviction, the trial court's decision was reversed by this court. State v. Grimes (Apr. 12, 2001), Cuyahoga App. No. 78496, unreported; State v. Casper (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, unreported; State v. Thompson (Apr. 1, 1999), Cuyahoga App. No. 73492, unreported; State v. Ferrell (Mar. 18, 1999), Cuyahoga App. No. 72732, unreported.
Especially in view of (1) the stated paramount purpose of the sexual predator law, viz., protecting persons, particularly children, from those persons in our society who would prey upon them; 2) previous decisions of this court that have granted deference to the trial court's decision in these matters; and 3) evidence in the record that supports the trial court's determination, I would overrule appellant's second assignment of error. State v. Goodall (July 6, 2000), Cuyahoga App. No. 76491, unreported; State v. Wellman, supra; State v. Delgado (Apr. 22, 1999), Cuyahoga App. No. 73099, unreported; State v. Hogan (Mar. 18, 1999), Cuyahoga App. No. 73228, unreported.
For the foregoing reasons, I respectfully both concur in and dissent from the majority opinion's disposition of this appeal.
[8] Since appellant had been in prison for a number of years, he had no access to little girls; therefore, the lack of sexual infractions in his prison record is not an indication he will conform his future conduct in an appropriate manner.
[9] This contrasts with the facts of State v. Patterson (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported. In that case, this writer is aware the evidence presented to the trial court at the classification hearing indicated the defendant had completed a sexual offenders program, was continuing to work for the program, and was in the process of being psychologically evaluated for his mental status. The trial court, however, refused to consider these factors.
[10] A reviewing court also must be aware that the evidence presented to the trial court, since the proceeding is akin to a probation hearing, need not meet the strict requirements of the Ohio Rules of Evidence. State v. Cook (1998), 83 Ohio St.3d 404, 425.